UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAILON APPLEWHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11CV1881 FRB |
| | ) |
| PUBLIC COMM. SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 1112303), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $21.04. See 28 U.S.C. § 1915(b)(1). In addition, plaintiff's request for class certification will be denied, because plaintiff cannot fairly and adequately protect the interests of a

certifiable class.[1]  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed per the reasoning set forth below.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his

---

[1]Under Federal Rule of Civil Procedure 23(a)(4), a class representative must "fairly and adequately protect the interests of the class."  Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others.  See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

complaint. A review of plaintiff's account indicates an average monthly deposit of $105.22, and an average monthly balance of $11.69. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.04, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether

the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Eastern Reception, Diagnostic and Correctional Center, brings this action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983 and the Federal Telecommunications Act ("FTA"), 42 U.S.C. §§ 201 et seq.,[2] alleging violations of his civil rights.  Named as defendants are: Public Communications Services ("PCS"); the Missouri Department of Corrections ("MDOC"); Larry Crawford, Director, MDOC; and Steve Larkins, Warden, Eastern Reception, Diagnostic and Correctional Center.

---

[2]Plaintiff makes specific allegations under 42 U.S.C. § 201(b), 206 and 207.  The Court notes that §§ 206 and 207 concern the liability of common carriers and matters of proper venue, respectively.

Plaintiff states that defendant PCS, a contractor with MDOC that provided telephone services to inmates in Missouri, violated the FTA when MDOC failed to notify inmates in a timely manner that it would be discontinuing PCS' services. Plaintiff complains that inmates were only given a two-week notice that MDOC would be switching telephone providers and that they would not be allowed to seek reimbursement for prepaid phone minutes. He challenges the reasonableness of defendants' rate practices, seeking cheaper, more reasonable phone rates. He also challenges the reasonableness of defendants' trade practices, claiming that PCS and MDOC violated the FTA by engaging in fraud by disguising the fact that PCS' contract was not going to be renewed and in failing to properly refund the prisoners for prepaid phone minutes.

Plaintiff further asserts that defendant MDOC violated the FTA and § 1983 by failing to notify inmates of the change in services in a timely manner and failing to implement restrictions to prevent purchases of unlimited phone minutes. Thus, plaintiff asserts that he was not provided adequate due process with respect to his loss of property, or phone minutes.

Although plaintiff has named two individual defendants in this matter, defendants Crawford and Larkins, he has failed to make specific allegations against either of them.

## Discussion

**A.    FTA Claims**

The FTA generally provides that all charges for telephone services "shall be just and reasonable" and that any charge "that is unjust or unreasonable is declared to be unlawful." 47 U.S.C. § 201(b). Plaintiff claims that PCS and MDOC violated the FTA by engaging in fraudulent behavior in violation of § 201(b), and that PCS' and MDOC's actions were unjust and unreasonable under the Act. The Court finds that plaintiff's arguments fall within the primary jurisdiction of the Federal Communications Commission ("FCC") and will dismiss plaintiff's FTA claims under the doctrine of primary jurisdiction.

The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with "promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." United States v. Western Pacific R.R. Co., 352 U.S. 59, 63-65 (1956). The doctrine is implicated where a claim that is originally cognizable in the courts "requires resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." Id. As explained by the Sixth Circuit, the doctrine of primary jurisdiction is based upon the principle that:

> [I]n cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over.  This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequence to be judicially defined.  Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

In re Long Distance Telecomm. Litig., 831 F.2d 627, 629-30 (6th Cir. 1987) (quoting Far East Conference v. United States, 342 U.S. 570, 574-75 (1952)).

Courts have consistently held that claims of unjust and unreasonable practices under 47 U.S.C. § 201(b) fall within the primary jurisdiction of the FCC. See, e.g., In re Long Distance Telecomm. Litig., 831 F.2d at 631; Miranda v. State of Michigan, 141 F.Supp. 2d 747, 759 (E.D. Mich. 2001); cf. Daleure v. Commonwealth of Kentucky, 119 F.Supp. 2d 683, 688-690 (W.D. Ky. 2000).  The FCC retains its jurisdiction of these claims even following its de-tariffing of the telecommunications industry.  See Boomer v. AT&T Corp., 309 F.3d 404, 422 (7th Cir. 2002) (stating "the FCC made clear that its decision eliminating the tariff requirement did 'not affect [the FCC's] enforcement of carriers' obligations under sections 201 and 202'") (citing Interstate Interexchange Marketplace, 12 FCC Rcd.

at 15,057)).  In addition, the FCC has repeatedly exercised its authority over inmate calling services.  See Miranda, 141 F.Supp. 2d at 759-760.

Although the Court will dismiss plaintiff's FTA claims under the doctrine of primary jurisdiction, it is noteworthy to state that the claims are not, themselves, extinguished by this dismissal, without prejudice.  Rather, plaintiff's claims for damages under the FTA are deferred to the FCC for resolution of underlying issues committed to the Agency's expertise.[3]

### B.    Claims Under 42 U.S.C. § 1983

It is unclear whether plaintiff is attempting to assert any constitutional or other federal statutory claims against defendant PCS, pursuant to 42 U.S.C. § 1983.  To the extent plaintiff is attempting to assert claims against PCS under § 1983, such allegations are subject to dismissal.  To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint.  Parratt v. Taylor, 451 U.S. 527, 535 (1981),

---

[3] The Court finds that the validity of plaintiff's claim, itself, will turn on the FCC's determination of the reasonableness of defendants' rate and trade practices.  In anticipation that the FCC can both adjudicate the issues in dispute and, if appropriate, provide some sort of relief, the Court finds it unnecessary to stay the instant action.  See, e.g., Total Telecomm. Servcs, Inc. v. American Tel. And Tel. Co., 919 F.Supp. 472, 475 (D.D.C. 1996), aff'd, 99F.3d 448 (D.C. Cir. 1996) ("[T]he Court concludes that holding this action in abeyance pending agency resolution of the underlying issues is rendered inappropriate by the circumstances of the case.").

overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis added).  Although plaintiff clearly refers to PCS as an inmate telephone "service provider" under "contract" with MDOC, these allegations do not establish that PCS was a "state actor" within the meaning of § 1983.  As such, any § 1983 claims against PCS are subject to dismissal.

Plaintiff's claims against MDOC under § 1983 are also subject to dismissal, as MDOC is not a "person" subject to suit under § 1983.  See, e.g., Barket, Levy & Fine, Inc.  v.  St.  Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).

As noted above, plaintiff has not set forth any facts indicating that defendants Crawford or Larkins were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted with respect to these two defendants.  See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat

superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

    C.    **Any Remaining State Law Claims**

It is unclear from the complaint whether plaintiff is attempting to assert state law claims in addition to those federal claims mentioned above. To the extent plaintiff is attempting to do so, the Court declines to exercise supplemental jurisdiction over those claims and will dismiss them without prejudice. See 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $21.04 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for class certification is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on plaintiff's FTA claims, because the Court will dismiss these claims, without prejudice, under the doctrine of primary jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued on plaintiff's § 1983 claims, because they are either legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), on any remaining state law claims, and they shall be dismissed without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of February, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE